UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EVELYN DYER,

               Plaintiff,

- against -

EDWIN GOULD FOSTER CARE AGENCY;
MS. ANDREA,

               Defendants.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**
19–CV–0531 (AMD)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 04 2019 ★

BROOKLYN OFFICE

ANN M. DONNELLY, United States District Judge:

The *pro se* plaintiff commenced this action on January 24, 2019, alleging jurisdiction pursuant to 42 U.S.C. § 1983. The Court grants the plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed without prejudice for lack of subject matter jurisdiction.

**Standard of Review**

Because the plaintiff is proceeding *pro* se, her complaint is held to less stringent standards than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). I read the plaintiff's *pro se* complaint liberally, and interpret it to raise the strongest arguments it suggests. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Since this is the pleadings stage of the proceeding, I must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

1

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), I must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## Discussion

The plaintiff's complaint arises out of a situation with her grandchildren, who are currently in the foster care system. The plaintiff alleges that defendants refuse to consider her as a resource for her grandchildren. It is not clear whether there are now any family court proceedings. Nor does the complaint specify whether the plaintiff seeks damages. I am sympathetic to the plaintiff's claims, but I do not have jurisdiction over this case. Federal court judges do not have the power to hear cases involving child custody, as I explain below. Lack of subject matter jurisdiction cannot be waived, and may be raised at any time by a party or by the court on its own. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. A federal court has subject matter jurisdiction only if the action presents a

federal question pursuant to 28 U.S.C. § 1331, or if there is diversity jurisdiction—claims "between parties of diverse citizenship that exceed[] the required jurisdictional amount, currently $75,000"—pursuant to 28 U.S.C. § 1332. *See Arbaugh*, 546 U.S. at 513. The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (quoting *Sharkey v. Quarantillo*, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted).

The Supreme Court has recognized a domestic relations exception to subject matter jurisdiction that divests the federal courts of the power to issue "divorce, alimony, and child custody decrees." *Marshall v. Marshall*, 547 U.S. 293, 307–08 (2006); *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). These kinds of cases are more appropriate for state courts, which have "special proficiency" in these matters as well as a "close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees." *Ankenbrandt*, 504 U.S. at 704. The plaintiff's case concerns the custody of her grandchildren, which is a state domestic relations matter. As a federal judge, I have no power to hear this case. *See, e.g., Brown v. City of New York*, No. 19–CV–108, 2019 WL 235642, at *1–2 (E.D.N.Y. Jan. 16, 2019); *Falco v. Santoro*, No. 18–CV–2480, 2018 WL 6706312, at *3 (E.D.N.Y. Dec. 19, 2018); *Meyers v. Hughes*, No. 18–CV–4399, 2018 WL 3748156, at *3 (E.D.N.Y. Aug. 7, 2018).

A court should not dismiss a *pro se* complaint without giving the plaintiff leave to amend her complaint, unless amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). I have carefully considered whether leave to amend is warranted here. The plaintiff's claims are strictly about state court matters, and amending the complaint would not cure that defect. For that reason, I must deny leave to amend the complaint.

## Conclusion

Accordingly, it is hereby ordered that the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
February 1, 2019